UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QOTD Film Investment LTD.,<br><br>Plaintiff,<br><br>v.<br><br>Doe-72.220.214.236,<br><br>Defendant. | Case No.:  16-cv-00759-LAB (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO EXPEDITE DISCOVERY**<br><br>[ECF No. 5] |

Presently before the Court is Plaintiff's *Ex Parte* Motion to Expedite Discovery. (ECF No. 5.) No opposition was filed, as no defendant has been named or served. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff is an affiliate of Benaroya Pictures, a production company with a catalog of major motion pictures. (ECF No. 1 at 2, ¶5.) Plaintiff claims to be the registered copyright owner of the motion picture *Queen of the Desert*. (ECF No. 5-1 at 1.) Plaintiff asserts the person or entity assigned Internet Protocol ("IP") address 72.220.214.236 "is a BitTorrent user, or 'peer,' whose computer is interconnected with others and used for illegally copying and distributing Plaintiff's motion picture to others." (*Id.*)

On March 31, 2016, Plaintiff filed a Complaint against Defendant "Doe-72.220.214.236." (ECF No. 1.) The Complaint alleges direct copyright infringement against Defendant and asserts Plaintiff is the registered copyright holder for the motion picture allegedly infringed by Defendant. (*Id.* at ¶¶6-8, 13) Plaintiff asserts Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted motion picture without Plaintiff's consent "on over 120 occasions, between 01/29/2016 at 01:19:46 (UST) and 1/31/2016 at 17:17:45 (UST)." (*Id.* at ¶13.)

Because Defendant used the Internet to commit the alleged copyright infringement, Plaintiff knows Defendant only by his, her, or its IP address, which was assigned to Defendant by his, her, or its Internet Service Provider ("ISP"), Cox Communications. (ECF No. 5-1 at 2.) In the present Motion, Plaintiff asserts Cox Communications has "the records which tie the IP address used to infringe Plaintiff's rights to a specific party who contracted with Cox Communications for service" and thus Cox Communications can use the above-listed IP address to identify Defendant. (*Id.*) Accordingly, "Plaintiff seeks leave to serve a Rule 45 subpoena on the ISP Cox Communications. . . . limited to the name and address of the individual/individuals associated with the IP address named as Defendant" in order to prosecute Plaintiff's copyright infringement against Defendant. (*Id.*)

## II.  LEGAL STANDARDS

### A.  Early Discovery

Generally, discovery is not permitted absent a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.3d 637, 642 (9th Cir. 1980)). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the

prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). With respect to Internet infringement cases, "courts routinely find good cause exists to issue a Rule 45 subpoena to discover[ ] a Doe defendant's identity prior to a Rule 26(f) conference, where a plaintiff makes a *prima facie* showing of infringement, there is no other way to identify a Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *Bright Solutions for Dyslexia, Inc. v. Doe 1*, 15-cv-1618-JSC, 2015 WL 5159125, at *1 (N.D. Cal. Sept. 2, 2015) (quoting *UMG Recordings, Inc. v. Doe*, C-08-1193-SBA, 2008 WL 4104207, at *4 (N.D. Cal. Sept. 3, 2008)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *Columbia Ins. Co.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642).

**B.     The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information about subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1) (2015). However, a cable operator may disclose a subscriber's personally identifiable information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. *Id.* § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or

is responsible for, through any arrangement, the management and operation of such a cable system." *Id.* § 522(5).

## III. DISCUSSION

### A. Early Discovery

Plaintiff seeks an order allowing it to serve a Rule 45 subpoena on Cox Communications before the parties conduct a Rule 26(f) Conference in this case so Plaintiff may obtain the true name and address of Defendant to protect and enforce Plaintiff's rights as set forth in the Complaint. (ECF No. 5-1.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

#### 1. Identification of Missing Party with Sufficient Specificity

For the Court to grant Plaintiff's Motion, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. This court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91*, 2012 WL 1648838, at *4 (S.D. Cal. May 4, 2012) (citing *Openmind Solutions, Inc. v. Does 1–39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011)); *Pink Lotus Entm't, LLC v. Does 1–46*, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011)).

Here, the Court finds Plaintiff's Complaint and the declaration of James S. Davis filed in support of the present Motion sufficiently specify that Defendant would be subject to this Court's jurisdiction. The declaration of James S. Davis, the attorney representing Plaintiff, states that Mr. Davis "personally went through the data provided by Plaintiff's investigators, MaverickEye UG ('MaverickEye') and selected the IP Address based upon the traced distribution of Plaintiff's Motion Picture." (ECF No. 5-3 at ¶5.) "The Data

provided by MaverickEye is information that is related to an individual IP Address. This data is the tracking record containing the ISP, unique file hash relating to the Motion Picture, date, location, and number of instances wherein MaverickEye traced or observed IP Address 72.220.214.236 making available an infringing copy of Plaintiff's Motion Picture." (*Id*. at ¶6.) Mr. Davis "identified defendant, DOE-72.220.214.236, which on 121 occasions, between 01/29/2016 at 01:19:46 (UST) and 01/31/2016 at 17:17:45 (UST), was observed through direct TCP/IP connection as infringing the Motion Picture . . . with the unique hash 896B438F8D8F7C443F4B88A24322B8763A3E9885." (*Id*. at ¶7; *see also* ECF No. 5-2.) Mr. Davis personally entered the IP Address "into 3 separate websites that contain a function for determining the location of an IP Address" and "confirmed by geolocation trackers" that the Defendant's use of the IP Address occurred in San Diego County, California. (*Id*. at ¶¶8-10.)

Based on the above, the Court finds Plaintiff has identified Defendant with enough specificity for the Court to determine Defendant is a real person or entity who would be subject to the Court's jurisdiction. Plaintiff has provided the Court with Defendant's unique IP address, the dates and times during which Plaintiff's copyrighted materials were infringed by a computer(s) using Defendant's unique IP address, and a verified statement that geolocation technology has found Defendant's unique IP address to be physically located within this district. *See 808 Holdings*, 2012 WL 1648838, at *4; *see also* ECF No 5-1 at 4; ECF Nos. 5-2 and 5-3. Accordingly, the Court finds Plaintiff has sufficiently satisfied the first prong of the Ninth Circuit's "good cause" standard.

**2. Previous Attempts to Locate Defendant**

For the Court to grant Plaintiff's Motion, Plaintiff must next identify all of the steps it took to locate Defendant to ensure the Court it made a good faith effort to identify and serve process on Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. The Court finds Plaintiff met this burden.

Plaintiff utilized investigators MaverickEye and geolocation trackers to identify the Defendant. (ECF No. 5-3 at ¶¶5-11.) Plaintiff identified who Defendant uses as his or her

ISP, Cox Communications, where Defendant is generally located, and what software Defendant used to commit the alleged acts of infringement. (*Id.*; ECF No. 5-1 at 5.) However, Plaintiff generally maintains that there are no other practical measures available to determine the actual identity of Defendant. Plaintiff appears to have obtained and investigated the available data pertaining to the alleged infringement in a good faith effort to locate Defendant. Accordingly, the Court finds Plaintiff has sufficiently satisfied the second prong of the Ninth Circuit's "good cause" standard.

### 3. Whether Plaintiff's Suit Can Withstand a Motion to Dismiss

For the Court to grant Plaintiff's Motion, Plaintiff must lastly show that its suit against Defendant could withstand a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642). The Court finds Plaintiff has met this burden.

Plaintiff's Complaint alleges only one cause of action against Defendant: direct copyright infringement. (ECF No. 1 at 5–7.) To prove a claim of direct copyright infringement, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)). Here, Plaintiff alleges it owns the registered copyright of the work that Defendant allegedly copied and distributed using the BitTorrent file distribution network. (ECF No. 1 at ¶¶4, 6, 12; ECF No. 5-1 at 5.) In addition, Plaintiff also alleges it did not permit or consent to Defendant's copying or distribution of its work. (ECF No. 1 at ¶35; ECF No. 5-1 at 5.) Accordingly, the Court finds Plaintiff has alleged the *prima facie* elements of direct copyright infringement and its suit against Defendant would likely withstand a motion to dismiss.[1]

/ / /

---

[1] Personal jurisdiction and venue appear to be sufficiently pled as well given Plaintiff's allegations that Defendant's IP Address has been traced to San Diego County (and therefore Defendant can be found in this district) and the infringing acts complained of occurred in this district. (ECF No. 1 at ¶¶3, 13-16; ECF Nos. 1-2, 5-2, and 5-3.)

Based on the above, the Court finds good cause exists to allow Plaintiff to serve a Rule 45 subpoena upon Cox Communications at this time, and Plaintiff's Motion is therefore **GRANTED**.

**B.     The Cable Privacy Act**

Cox Communications is a "cable operator" within the meaning of the Cable Privacy Act, and therefore the Court must consider the requirements of the Act in granting Plaintiff's Motion. The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber, 47 U.S.C. § 551(c)(1), but cable operators may disclose personally identifiable information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. As such, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff may serve on Cox Communications a Federal Rule of Civil Procedure 45 subpoena seeking the **name and address** of Defendant, the Cox Communications subscriber assigned IP address 72.220.214.236. The Court finds this information should be sufficient for Plaintiff to identify, locate, and serve process on Defendant, and Plaintiff shall not seek from Cox Communications any other personally identifiable information about Defendant in its subpoena;

2. Plaintiff's subpoena to Cox Communications must provide a minimum of 45 calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff;

3. At the time Plaintiff serves its subpoena on Cox Communications, Plaintiff shall also serve on Cox Communications a copy of this Order;

4. Within 14 calendar days after service of the subpoena, Cox Communications shall notify the subscriber assigned IP address 72.220.214.236 that his, her, or its identity has been subpoenaed by Plaintiff **and** shall provide the subscriber a copy of this Order with the required notice;

5. The subscriber whose identity has been subpoenaed shall have 30 calendar days from the date of such notice to challenge Cox Communications' disclosure of his, her, or its name and address to Plaintiff by filing an appropriate pleading with this Court contesting the subpoena;

6. If Cox Communications wishes to move to quash the subpoena, it shall do so before it is required to respond to the subpoena by filing a motion to quash with this Court; and

7. If a motion to quash or subscriber challenge is brought, Cox Communications shall preserve the information sought by Plaintiff in the subpoena pending resolution of any such motion or challenge.

Dated: April 5, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge